UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHICO'S FAS, INC., a Florida
corporation

        Plaintiff,

v.                                          Case No:   2:13-cv-792-FtM-38DNF

ANDREA CLAIR, ANASTASIOS
KOSKINAS and 1654754 ONTARIO,
INC.,

        Defendants.
_____/

### ORDER[1]

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (Doc. #66) filed on March 6, 2015. Plaintiff filed a response in opposition on April 9, 2015. (Doc. #89). Then Defendants filed a reply on April 27, 2015. (Doc. #95). This matter is ripe for review.

### Background

This is a patent infringement lawsuit. Plaintiff Chico's Fas, Inc. ("Chico's") sues Defendants Andrea Clair, Anastasios Koskinas, and 1654754 Ontario, Inc. ("Wink") for declaratory judgment. (Doc. #61). The three counts are specifically declaratory judgment of non-infringement of the patents-in-suit (Count I); declaratory judgment of invalidity of the patents-in-suit (Count II); and declaratory judgment of unenforceability of the patents-

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

in-suit (Count III). (Doc. #61). Wink countersues Chico's. (Doc. #63). The three counterclaims are specifically Infringement of U.S. Patent No. 8,506,347 (Counterclaim I); Infringement of U.S. Patent No. 8,182,310 (Counterclaim II); and Infringement of U.S. Patent No. D622,478 (Counterclaim III). (Doc. #63).

Chico's and Wink sell camisole bras,[2] garments that combine traditional bras with a swatch of fabric that covers cleavage. Wink owns camisole bra patents. At issue in this litigation is Wink's design patent, United States Patent No. D622,478 ("D'478 Patent"), and two utility patents, United States Patent Nos. 8,506,347 ("'347" Patent") and 8,182,310 ("'310 Patent"). Wink now moves for partial summary judgment on three separate grounds: (1) the patents-in-suits are not unenforceable due to inequitable conduct; (2) the patents-in-suit are not invalid over the alleged prior art; and (3) Chico's accused products infringe U.S. Patent Nos. 8,506,347 and 8,182,310.

Standard

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all

---

[2] At times throughout this order "camisole" bras are referred to as "cami" bras.

reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## Discussion

*A. Whether the patents-in-suits are enforceable due to inequitable conduct?*

Chico's alleges the patents-in-suit are unenforceable due to inequitable conduct. According to Chico's, the inequitable conduct is that Andrea T. Clair and Anastasios Koskinas, the listed inventors of the patents-in-suit, intentionally withheld information from the United States Patent Office ("USPTO") by omitting that Beverley Johnson was also an inventor of the patents-in-suit. In order to establish a claim for inequitable conduct, a

plaintiff must prove the alleged inequitable conduct is material and the evidence shows an intent to mislead the USPTO. PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc., 225 F.3d 1315, 1318 (Fed. Cir. 2000). Equitable conduct is an issue for the trier-of-law to decide and not the trier-of-fact. Id. (citations omitted).

Upon consideration, the Court finds summary judgment is proper because Chico's cannot prove inequitable conduct. Here, there is no clear evidence of intent to mislead the USPTO. The evidence shows Clair conceived the idea for the bra product, shared her idea with Koskinas, and then began working on creating the bra product with Koskinas. (See Doc. #66-5, at ¶¶4-9; Doc. #66-6, at ¶¶4-6). Then, when Clair wanted a new prototype, she hired Johnson to help her design a new prototype. (Doc. #66-5, at ¶8; Doc. #66-6, at ¶6). Johnson signed a non-disclosure and non-compete agreement in which she agreed not to acquire any interest in any product based upon information she received from Wink. (Doc. #66-4, at 3). Thus, it appears Johnson was hired for money to help Clair and Koskinas, at Clair and Koskinas' direction, reduce their idea into tangible form. They simply had an employment relationship in which Johnson was hired to help Clair and Koskinas carry out their patentable idea. See generally United States v. Dubilier Condense Corp., 289 U.S. 178, 188 (1933) ("This distinction between the idea and its application in practice is the basis of the rule that employment merely to design or to construct or to devise methods of manufacture is not the same as employment to invent.").

There is evidence that Johnson did not consider herself as an inventor of the patents-in-suit; Johnson did not consider the bra products as new and patent worthy; Johnson was paid-in-full for her services to Clair and Koskinas; and Clair and Koskinas, to the extent there was a mistake, made the mistake unintentionally. (See Doc. #66-2, at

5-6 (Johnson testified in a deposition that she designed the bra and may have designed an unusual way to put it together but she did not believe her design was worth patenting); Doc. #95-1, at 8 (Johnson was paid for making the bra prototype); Doc. #66-5, at ¶¶31-32 (Clair indicates in a declaration she never intentionally withheld relevant inventor information to the USPTO); Doc. #66-6, at ¶¶25-26 (Koskinas indicates in a declaration the same)). See Pro-Mold and Tool Co., Inc. v. Great Lakes Plastics, Inc., 75 F.3d 1568, 1576 (Fed. Cir. 1996) ("When an alleged omitted co-inventor does not claim to be such, it can hardly be inequitable conduct not to identify that person to the PTO as an inventor."). There is also evidence that Johnson did not understand the "turn-under sewing technique," what Chico's contends is the pivotal invention of the bra product. (Doc. #95-1, at 11). Thus, the Court is not persuaded Johnson is a true co-inventor of the patents-in-suits, or at least the turn-under sewing technique part of the patent.

Upon review, it does not appear Johnson contributed to the conception of the idea as Chico's contends. Rather Clair conceived the idea and then worked on the idea with Koskinas before ever hiring Johnson to help. (See Doc. #66-5, at ¶¶4-9; Doc. #66-6, at ¶¶4-6). See Sewall v. Walters, 21 F.3d 411, 415 (Fed. Cir. 1994) (to be a co-inventor one must contribute to the conception of the invention). Johnson helped Clair and Koskinas create a new bra design, but in Johnson's opinion this was not a new invention. (Doc. #95-1, at 13). At the time Clair and Koskinas applied for patents with the USPTO, all three individuals (Clair, Koskinas, and even Johnson) did not consider Johnson as a co-inventor. Pro-Mold and Tool Co., 75 F.3d at 1576. As such, there was no intent to mislead the USPTO. The motion for summary judgment is due to be granted on this issue.

*B. Whether the patents-in-suits are invalid?*

Chico's alleges the patents-in-suit are invalid. For example, Chico's alleges the D'478 Patent is primarily functional rather than ornamental and is therefore invalid. As an adversary, Wink now moves for summary judgment on this issue by attacking one of Chico's witnesses, Donna Mines, and re-attacking one of Chico's expert witnesses, Joyce Baran. (See generally Doc. #72). In essence, Wink contends Chico's cannot prove the patents-in-suit are invalid by clear and convincing evidence because Mines has not provided an opinion as to the validity of the patents-in-suit and Baran used the wrong legal standard in her expert report.

Upon review, the Court does not find Wink's validity argument is persuasive. Since the filing of this motion, the Court ruled Baran's expert testimony is admissible at trial. (See Doc. #99). Moreover, Chico's has presented enough evidence such as prior art references and its potential testimony to defeat summary judgment on the invalidity issue. The motion for summary judgment is due to be denied on this issue.

*C. Whether Chico's products infringe Wink's patents?*

Chico's alleges its bra products do not infringe Wink's patents. As an adversary, Wink now moves for summary judgment on this issue by re-attacking one of Chico's expert witnesses, Joyce Baran. As mentioned previously, since the filing of this motion, the Court ruled Baran's expert testimony is admissible at trial. Chico's has presented enough evidence, such as Baran's expert report, to defeat summary judgment on this infringement issue. The motion for summary judgment is due to be denied on this issue.

Accordingly, it is now

**ORDERED:**

Defendants' Motion for Partial Summary Judgment (Doc. #66) is **GRANTED in part** and **DENIED in part**. The motion is **granted** to the extent the inequitable conduct claim, (Doc. #61, at 8-9 – Count Three), is **DISMISSED with prejudice**. The motion is **denied** in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of June, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record