UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHICO'S FAS, INC., a Florida
corporation

    Plaintiff,

v.                                           Case No:   2:13-cv-792-FtM-38DNF

ANDREA CLAIR, ANASTASIOS
KOSKINAS and 1654754 ONTARIO,
INC.,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Order on Defendants' Motion for Summary Judgment (Doc. #105) filed on June 9, 2015.

Reconsideration of a court's previous order is an extraordinary remedy, and thus, is a power that should be used sparingly. Carter v. Premier Rest. Mgmt., No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).

On June 5, 2015, the Court issued an order that dismissed Plaintiff's claim for inequitable conduct. (See Doc. #103). Plaintiff now seeks reconsideration of the dismissal of its inequitable conduct claim. Although the Court fully understands Plaintiff's position in this case, the Court disagrees with Plaintiff's position because it is not supported by the record. The record does not clearly show Johnson is a co-inventor. Johnson did not conceive the invention. Johnson merely assisted Clair and Koskinas, at Clair and Koskina's direction, with executing Clair and Koskina's idea. Johnson did not consider herself as an inventor. Neither did Clair or Koskinas. Undoubtedly, if Clair, Koskinas, and Johnson did not consider Johnson as an inventor, then Clair and Koskinas did not intentionally deceive the USPTO by omitting Johnson as an inventor on the patent applications. Without intent there is no viable inequitable conduct claim. As such, the inequitable conduct claim was rightly dismissed. The Court finds there is no worthwhile reason to grant reconsideration. The Court stands by its previous order.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration of the Court's Order on Defendants' Motion for Summary Judgment (Doc. #105) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record