**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**CHICO'S FAS, INC.,**
A Florida corporation,

        Plaintiff,

        vs.                      **Case No.: 2:13-cv-00792-SPC-DNF**

**1654754 ONTARIO, INC.
d/b/a WINK INTIMATES,** a
Canadian corporation, **ANDREA
CLAIR,** a Canadian individual**,** and
**ANASTASIOS KOSKINAS,** a
Canadian individual**,**

        Defendants.
_____/

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Case Management and Scheduling Order dated May 8, 2014 (Docket No. 25) and the Court's amendment to that Case Management and Scheduling Order (Docket No. 98), the parties submit the following Joint Pretrial Statement, in compliance with the requirements of Local Rule 3.06(c).

I.    BASIS FOR FEDERAL JURISDICTION

The Court has jurisdiction over all asserted claims under 28 U.S.C. §§ 2201, 2202, 1331, 1332, and §1338(a).

II.    CONCISE STATEMENT OF THE NATURE OF THE ACTION

Plaintiff, Chico's FAS, Inc. ("Chico's"), brought this action against Defendants, 1654754 Ontario, Inc. d/b/a Wink Intimates, Andrea Clair and Anastasios Koskinas (collectively, "Wink"), seeking a declaratory judgment that the products of Chico's do

not infringe U.S. Design Patent No. D622,478, U.S. Patent No. 8,182,310, and U.S. Patent No. 8,506,347 (collectively "the patents-in-suit"), that the patents-in-suit are invalid, and that the patents-in-suit are unenforceable. Wink has filed a counterclaim for infringement of the patents-in-suit by Chico's.

III.      BRIEF GENERAL STATEMENT OF EACH PARTY'S CASE

     A.      Plaintiff Chico's Statement of the Case

Defendants claim to be the inventors of a design patent and two utility patents directed to the combination of a bra with a swatch of material attached. Defendants had no experience in the undergarment business, and after many failed attempts to attach a fabric insert between the cups of a conventional bra, Defendants approached Beverly Johnson, a bra maker in Canada. Ms. Johnson recognized the flaws in Defendants idea to attach fabric between the cups, and instead designed a bra using molded fabric attached across the cups. Defendants took Ms. Johnson's design to the patent office claiming it to be functional and their own invention. The patent laws unquestionably require the proper inventors be named, but Defendants omitted Ms. Johnson while including Mr. Koskinas, who is unable to articulate any contribution to the alleged inventions. Accordingly, the improper inventorship invalidates the patents-in-suit. The functionality of the design renders the design patent invalid.

Prior to Ms. Johnson's design, Chico's supplier Dana-Co. designed and offered the Natori Zen Floral cami-bra for sale to customers, including Chico's. Dana-Co. also designed the Natori Peony cami-bra, which used the same structure as the Zen Floral, but added foam pads. The Peony is the same structure as the accused Bridget, but used slightly different fabric. The Peony was designed prior to the alleged inventions in this

case, and therefore anticipate the utility patents. Additionally, Chico's identified numerous additional prior art bras that render the asserted utility patents invalid.

Finally, Chico's accused products do not infringe. As to the utility patents, the claimed attachment of the material to the bra differs from the accused products. As to the design patent, Chico's uses a very different design with a cradle, a bone and an elastic band, all of which provide a distinct appearance from the asserted design patent.

### B. <u>Defendant Wink's Statement of the Case</u>

Initially, Defendant Clair substantially conceived of the inventions in the two asserted utility patents and the asserted design patent and shared the idea with Defendant Koskinas. Together the two completed the conception of the inventions claimed in the patents-in-suit. Defendants had a local tailor, Burhan Ismail, initially construct a prototype, but they were unhappy with that prototype because it was not exactly what they had in mind. Defendant Clair contacted Ms. Beverly Johnson to help construct a prototype more consistent with the garment conceived by the named inventors. Defendants dispute Chico's version of Johnson's involvement and contend Johnson did no more than she was hired to do, which was create prototypes of the conceived invention. Defendants subsequently hired Jean Luc Fortin President of CSR International in Quebec, Canada to make production samples.

The patents-in-suit are valid. Plaintiff relies on dozens of references and other items it alleges are prior art. The large majority of which either do not qualify as prior art, are irrelevant or are cumulative to other alleged prior art. None of the alleged prior art however anticipate or render obvious the patents-in-suit. To the extent a prima facie case of obviousness is established, the commercial success of the patented product along with

the substantial industry praise establish that the inventions are not obvious. With regard to the design patent, Plaintiff has provided no alleged prior art that is even remotely the same in appearance as the claimed design. Further, the claimed design is not dictated by function as a variety of different shapes, patterns and material can be used to achieve the same results.

Chico's has sold the accused products since the time the patents-in-suit issued. The accused products literally infringe Wink's utility patents, and to the extent there is an element that is not literally present, those elements infringe under the doctrine of equivalents. Certain of Chico's accused products (the Oh My Gorgeous Smooth Cami Bra) also infringe the asserted design patent. Chico's infringement is willful. Chico's had actual knowledge of the patents-in-suit and continued to sell the infringing products for years.

IV.   LIST OF EXHIBITS

   A.   Plaintiff's Exhibit List.

Plaintiff Chico's Exhibit List including Defendant Wink's objections is attached hereto as Exhibit A.

   B.   Defendants' Exhibit List

Defendant Wink's Exhibit List including Plaintiff Chico's objections is attached hereto as Exhibit B.

V.   LIST OF WITNESSES

   A.   Plaintiff's Witness List

Plaintiff Chico's Witness List is attached hereto as Exhibit C.

   B.   Defendants' Witness List

Defendant Wink's Witness List is attached hereto as Exhibit D.

VI. LIST OF EXPERT WITNESSES

    A. Plaintiff's Expert Witnesses

Chico's will call Joyce Baran, who is expected to testify on the state of the art, the accused structures, issues of noninfringement and of invalidity. Chico's will also call Justin Lewis, who is expected to testify on sales, profits, costs and Defendants' claims for damages.

    B. Defendants' Expert Witnesses

Defendant Wink's Expert Witness, Karin Yngvesdotter, is expected to rebut Ms. Baran's testimony and testify on issues of infringement, validity, non-infringing substitutes, that the inventions drive the demand for the combination product and that the combined product is the smallest saleable unit. Defendant will proffer the testimony of Adam J. Falconer with respect to sales, profits, and the damages, subject to the limitations imposed by the Court in its *Daubert* Order and any further limitations based on a second *Daubert* motion that Plaintiff may file.

VII. STATEMENT OF CLAIM FOR MONEY DAMAGES

Defendant Wink seeks recovery of Plaintiff's profits for Plaintiff's infringement of U.S. Design Patent No. D622,478 under 35 U.S.C. § 289 and, at a minimum, a reasonable royalty for Plaintiff's infringement of the asserted utility patents (U.S. Patent Nos. 8,182,310, and 8,506,347) under 35 U.S.C. § 284.

Wink's profit disgorgement damages due to infringement of the D'478 Patent (not apportioned) total approximately $2.14 million, not including prejudgment interest. If the Court determines that design patent damages under 35 U.S.C. 289 can be apportioned,

and the jury determines that apportionment is appropriate, the damages due to infringement of the D '478 Patent total between approximately $306 Thousand and $1.6 Million, not including prejudgment interest. For the products which are not accused of infringing the '478 Patent, Wink's reasonable royalty damages due to infringement of the '310 Patent and/or '347 Patent by the other accused products total approximately $202,677 to $281,328, not including prejudgment interest if the jury determines that apportionment is not appropriate, and between $101,339 to $210,996 if apportionment is appropriate, again not including prejudgment interest. Under a different apportionment theory, the damages due to infringement of the '310 Patent and/or '347 Patent by the other accused products total between $33,387 to $46,343, not including prejudgment interest. If Chico's Oh My Gorgeous Smooth Cami Bra (the product accused of infringing the '478 Patent) is found to not infringe the '478 Patent, but is found to infringe the '310 Patent and/or the '347 Patent, Wink seeks an additional royalty damage of between $33,387 to $122,875 which would be added to the aforementioned reasonable royalty of $202,677 to $281,328 (or an apportioned amount) , not including prejudgment interest.

Chico's disputes Wink's claim for damages. However, if Wink is able to establish infringement of the asserted utility patents, Chico's contends the appropriate measure of damages based on a reasonable royalty ranges between $22,072-$42,225 for the accused products (excluding the Oh My Gorgeous Smooth Cami). If Wink is able to establish infringement of the design patent by the Oh My Gorgeous Smooth Cami, as well as establishing its claim to total profits, Chico's contends that a jury award Chico's total profits could be calculated as $365,750, while an award of a reasonable royalty with

respect to the Oh My Gorgeous Smooth Cami could be calculated as a range between $11,297-21,612.

VIII.    LIST OF DEPOSITIONS TO BE OFFERED AT TRIAL

    A.    Depositions to be Offered by Plaintiff

Plaintiff Chico's anticipates offering deposition testimony of Beverly Johnson if she is unavailable for trial. The designation of pages and lines to be offered are attached at Exhibit E.

    B.    Depositions to be Offered by Defendant

Defendant Wink anticipates offering deposition testimony of Beverly Johnson, Chico's (through the testimony of Chico's 30(b)(6) designees Emily Suess, David May and Cindy Tiranayake), and Donna Mines, (to the extent these individuals are unavailable for trial). In addition, Defendant Wink anticipates using deposition testimony to the extent necessary for purposes of impeachment. The designation of pages and lines to be offered are attached at Exhibit F].

IX.    ADMITTED ISSUES OF FACT

    1.    Joint Exhibit 3 is a true and correct copy of U.S. Patent No. D622,478.

    2.    On August 31, 2010, U.S. Patent No. D622,478 issued to Andrea Clair and Anastasios Koskinas.

    3.    Joint Exhibit 2 is a true and correct copy of U.S. Patent No. 8,182,310

    4.    On May 22, 2012, U.S. Patent No. 8,182,310 issued to Wink Intimates.

    5.    Joint Exhibit 1 is a true and correct copy of U.S. Patent No. 8,506,347

    6.    On August 13, 2013, U.S. Patent No. 8,182,310 issued to Andrea Clair and Anastasios Koskinas.

X.   ADMITTED ISSUES OF LAW

1.   Wink bears the burden of proving infringement of each of the asserted claims by a preponderance of the evidence.

2.   Wink bears the burden of proving willful infringement by clear and convincing evidence.

3.   Chico's bears the burden of proving invalidity by proving each asserted claim is invalid by clear and convincing evidence.

4.   The Court has jurisdiction over all claims asserted by Plaintiff and Defendants.

5.   The parties agree on the issues of law presented in any agreed jury instructions.

XI.   APPLICABLE PRINCIPLES OF LAW

1.   The Court is bound by Federal Circuit precedents on the patent claims.

2.   Each claim of a patent is presumed valid independent of other claims as a matter of law.

3.   To infringe a claim, each element must be present in the accused device, either literally or under the doctrine of equivalents.

4.   A design patent can issue for an article of manufacture after it is examined by the USPTO and deemed to meet statutory requirements as a new, original and ornamental design under 35 § 171.

XII.   CONTESTED ISSUES OF FACT AND ISSUES OF LAW

1.   Can Chico's prove by clear and convincing evidence any claim is invalid?

2.   Can Wink prove infringement of any claim?

3. Is Wink entitled to monetary damages?

4. Can Wink prove by clear and convincing evidence that Chico's infringement was willful?

5. Is either party entitled to an award of reasonable attorney's fees?

6. A patent must name all individuals who contribute to the conception of a claim, and exclude individuals who did not contribute to the conception of a claim.[1]

7. A contribution to the invention must be more than the exercise of ordinary skill in the art to be considered a co-inventor of a claim.[2]

8. Any error of omitting inventors or naming persons who are not inventors does not invalidate the patent in which such error occurred since incorrect inventorship can be corrected under 35 U.S.C. § 256(b).[3]

XIII. STIPULATED EVIDENTIARY ISSUES

1. Joint Exhibits 1 through 3 are admitted by stipulation.

XIV. APPLICABLE RULES

1. The parties are in agreement that the action is governed by Federal Rules of Evidence and Federal Rules of Civil Procedure.

XV. PENDING MOTIONS

A. Plaintiff's Pending Motions:

1. Motion for claim construction (Docket 34)(as to the design patent); and

---

[1] Wink contends this should not be included.
[2] Wink contends this should be included only if paragraph 6 is included.
[3] Chico's contends this should not be included. Wink contends this is an accurate statement of the law and would be applicable if inventorship was an issue in the case

      2.    Motion for Reconsideration re [107] Order on Motion for Summary Judgment Order on Motion for Hearing by Chico's Fas, Inc.

      3. Chico's anticipates filing a second Daubert motion for Falconer.

B.    Defendants' Pending Motions:

      1.    Motion for Clarification (Docket 108)

C.    Contemplated Motions:

Plaintiff and Defendant anticipate filing motions *in limine* and may submit additional motions directed to trial matters.

XVI.    PROPOSED VOIR DIRE

The parties' proposed *voir dire* is attached as Exhibits G and H.

XVII.    PROPOSED JURY INSTRUCTIONS

The parties' proposed jury instructions are attached as Exhibit I.

XVIII.    PROPOSED VERDICT FORM

The parties' proposed verdict forms are attached as Exhibits J and K.

XIX.    ESTIMATED LENGTH OF TRIAL

The parties estimate the length of trial to be five (5) days.

Respectfully submitted July 2, 2015.

*/s/Ryan T. Santurri*
Ava K. Doppelt, Florida Bar No. 393738
adoppelt@addmg.com
Brian R. Gilchrist, Florida Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri, Florida Bar No. 015698
rsanturri@addmg.com
Allison R. Imber, Florida Bar No. 44233
aimber@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

*Counsel for Plaintiff, Chico's FAS, Inc.*

*/s/Christopher S. Casieri*
Christopher S. Casieri (Pro Hac Vice)
chris@miplaw.com
Mcneely, Hare & War, LLP
12 Roszel Road, Suite C104
Princeton, New Jersey 08540
Telephone: (609) 731-3668
Facsimile: (202) 478-1813

Kevin J. McNeely (*Pro Hac Vice)*
kevin@miplaw.com
William D. Hare (*Pro Hac Vice)*
bill@miplaw.com
Steven M. War (*Pro Hac Vice)*
steve@miplaw.com
McNeely, Hare & War, LLP
5335 Wisconsin Ave., NW
Suite 440
Washington, D.C. 20015
Telephone: (202)274-0214
Facsimile: (202)478-1813

*Trial Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2015, I electronically filed the following using the Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

Shyamie Dixit, Esq.
sdixit@dixitlaw.com
Robert L. Vessel, Esq.
rvessel@dixitlaw.com
Dixit Law Firm, P.A.
3030 N. Rocky Point Drive West
Suite 260
Tampa, FL 33607
Telephone: (813) 252-3999
Facsimile: (813) 252-3997

Local Counsel for Defendants

Christopher S. Casieri (Pro Hac Vice)
chris@miplaw.com
Mcneely, Hare & War, LLP
12 Roszel Road, Suite C104
Princeton, New Jersey 08540
Telephone: (609) 731-3668
Facsimile: (202) 478-1813

Kevin J. McNeely (*Pro Hac Vice)*
kevin@miplaw.com
William D. Hare (*Pro Hac Vice)*
bill@miplaw.com
Steven M. War (*Pro Hac Vice)*
steve@miplaw.com
McNeely, Hare & War, LLP
5335 Wisconsin Ave., NW
Suite 440
Washington, D.C. 20015
Telephone: (202)274-0214
Facsimile: (202)478-1813

Trial Counsel for Defendants

*/s/Ryan T. Santurri*
Ryan T. Santurri Florida Bar No. 15698