UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHICO'S FAS, INC., a Florida
corporation

       Plaintiff,

v.                                        Case No:   2:13-cv-792-FtM-38DNF

ANDREA CLAIR, ANASTASIOS
KOSKINAS and 1654754 ONTARIO,
INC.,

       Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on *sua sponte* review of the Court's Order on Defendants' Motion for Partial Summary Judgment (Doc. #103) and the Court's Order on Plaintiff's Motion for Reconsideration (Doc. #106). The Court vacates both Orders, with this Order controlling. For the reasons set forth below, Defendants' Motion for Partial Summary Judgment (Doc. #66) is granted as to the inequitable conduct claim and denied in all other respects.[2]

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] In the now-vacated Orders, the Court used strong language to label who is and who is not an inventor of the patents-at-issue which was inappropriate at that time.  Inventorship is governed by a separate, less stringent standard.  The sole focus of the inequitable conduct analysis should have been whether there was an intent to deceive.  Having spent significant time reviewing the record, Parties' arguments, and relevant law when examining the issue of inventorship in its most recent Order on Chico's Motion for Reconsideration, the Court finds it necessary to vacate its previous Orders on Wink's Partial Motion for Summary Judgment (Doc. #103; Doc. #106).

Background

This is a patent infringement case. Plaintiff Chico's FAS, Inc. sues Defendants Andrea Clair, Anastasios Koskinas, and 1654754 Ontario, Inc. (collectively "Wink") for declaratory judgment. (Doc. #61). The three counts are specifically declaratory judgment of non-infringement of the patents-at-issue (Count I); declaratory judgment of invalidity of the patents-at-issue (Count II); and declaratory judgment of unenforceability of the patents-at-issue (Count III). (Doc. #61). Wink countersues Chico's. (Doc. #63). The three counterclaims are specifically Infringement of U.S. Patent No. 8,506,347 (Counterclaim I); Infringement of U.S. Patent No. 8,182,310 (Counterclaim II); and Infringement of U.S. Patent No. D622,478 (Counterclaim III). (Doc. #63).

Chico's and Wink sell camisole bras, garments that combine traditional bras with a swatch of fabric that covers cleavage. Wink owns camisole bra patents. At issue in this litigation is Wink's design patent, United States Patent No. D622,478 ("D'478 Patent"), and two utility patents, United States Patent Nos. 8,506,347 ("'347" Patent") and 8,182,310 ("'310 Patent"). Wink now moves for partial summary judgment on three separate grounds: (1) the patents-at-issue are not unenforceable due to inequitable conduct; (2) the patents-at-issue are not invalid over the alleged prior art; and (3) Chico's accused products infringe U.S. Patent Nos. 8,506,347 and 8,182,310.

Standard

An award of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To that end, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such a dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In determining whether summary judgment is appropriate, the Court evaluates the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). All evidence, and factual inferences reasonable drawn from that evidence, must be viewed in the light most favorable to the nonmoving party. *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citations omitted). And all reasonable doubts about the facts must be resolved in favor of the non-movant too. *Id.* For it is not the Court's task to "weigh the evidence and determine the truth of the matter," but rather to "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## Discussion

*A. Whether the patents-at-issue are unenforceable due to inequitable conduct*

Chico's alleges the patents-at-issue are unenforceable due to inequitable conduct. According to Chico's, the inequitable conduct is that Andrea T. Clair and Anastasios Koskinas, the listed inventors of the patents-at-issue, intentionally withheld information from the United States Patent Office ("USPTO") by omitting that Beverley Johnson was also an inventor of the patents-at-issue. In order to establish a claim for inequitable conduct, a plaintiff must prove the alleged inequitable conduct is material and the evidence shows an intent to mislead the USPTO. *PerSeptive Biosystems, Inc. v.*

*Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000). Inequitable conduct is an issue for the trier-of-law to decide and not the trier-of-fact. *Id.* (citations omitted).

There is no evidence in the record illustrating that Clair intended to deceive anyone by failing to list Johnson as an inventor on the patents-at-issue. Rather, the record illustrates (1) Clair never considered Johnson to be an inventor (Doc. #66-5 at 6, ¶ 29-30); (2) Johnson never considered herself to be an inventor (Doc. #66-2 at 171:10-13); and (3) Johnson never considered the invention that she conceived with Clair to be patentable (Doc. #66-2 at 171:1-4). The Court finds no intent to deceive based upon these facts. Consequently, the Court grants summary judgment in Wink's favor on the inequitable conduct claim.

   B. *Whether the patents-at-issue are invalid*

Chico's alleges the patents-at-issue are invalid on several grounds. For example, Chico's alleges the D'478 Patent is primarily functional rather than ornamental and is therefore invalid. As an adversary, Wink now moves for summary judgment on this issue by attacking one of Chico's witnesses, Donna Mines, and re-attacking one of Chico's expert witnesses, Joyce Baran. (Doc. #72). In essence, Wink contends Chico's cannot prove the patents-at-issue are invalid by clear and convincing evidence because Mines has not provided an opinion as to the validity of the patents-at-issue and Baran used the wrong legal standard in her expert report.

Upon review, the Court does not find Wink's validity argument is persuasive. Since the filing of this Motion, the Court ruled Baran's expert testimony admissible at trial. (Doc. #99). Moreover, Chico's has presented enough evidence such as prior art references

and its potential testimony to defeat summary judgment on the invalidity issue. The Motion for Summary Judgment is denied on this issue.

### C. Whether Chico's products infringe Wink's patents

Chico's alleges its bra products do not infringe Wink's patents. As an adversary, Wink now moves for summary judgment on this issue by re-attacking one of Chico's expert witnesses, Joyce Baran. As mentioned previously, since the filing of this Motion, the Court ruled Baran's expert testimony is admissible at trial. Chico's has presented enough evidence, such as Baran's expert report, to defeat summary judgment on this infringement issue. The Motion for Summary Judgment is denied on this issue.

Accordingly, it is now

**ORDERED:**

1. The Court **VACATES** its Order on Defendants' Motion for Partial Summary Judgment (Doc. #103) and Order on Plaintiff's Motion for Reconsideration (Doc. #106).

2. Defendants' Motion for Partial Summary Judgment (Doc. #66) is **GRANTED** to the extent the inequitable conduct claim is **DISMISSED with prejudice**. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida, this 29th day of September, 2015.

Copies: All Parties of Record