**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

| | |
|---|---|
| CHICO'S FAS, INC., a Florida corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>1654754 ONTARIO, INC. d/b/a WINK INTIMATES, a Canadian corporation, ANDREA CLAIR, a Canadian individual, and ANASTASIOS KOSKINAS, a Canadian individual,<br><br>Defendants/Counter-Plaintiffs. | **Case No. 2:13-cv-00792-FtM-38DNF** |

## CHICO'S MOTION TO DISMISS DEFENDANTS' CLAIMS WITH PREJUDICE

On September 29, 2015, this Court entered an Order finding, among other things, that Ms. Beverly Johnson is an inventor of the patents in suit. (Dkt. #128, p. 16.) The legal effect of this decision is that the Counterclaims must be dismissed with prejudice for Defendants have no standing, without Ms. Johnson, to proceed with the claims.

### I. BACKGROUND

Upon a finding that the patentee omitted an inventor, the Court can either find the patent invalid under 35 U.S.C. §102 or, if the patentee requests, the Court may order the Patent Office to correct inventorship under 35 U.S.C. §256. Defendants have elected to have this Court order the Patent Office to omit Mr. Koskinas as an inventor and name Ms. Johnson as an inventor on all patents in suit. A hearing under 35 U.S.C. §256 is set for October 14, 2015, to accomplish this goal. There does not appear to be any legally-

1

recognized basis for Chico's to object to the correction, so it is a *fait accompli*; Ms. Johnson will be named by the Patent Office as an inventor in due course.

By virtue of being an inventor, Ms. Johnson (or her assignee) owns an undivided interest in the patents in suit and *must* be a named as a counter-plaintiff in order for this action to proceed. However, Ms. Johnson has contractually agreed with Chico's *not* to participate in this suit and has, in fact, assigned all of her rights to the patents-in-suit to Chico's. As an owner, Chico's cannot infringe its own patents nor will Chico's join as a Counter-Plaintiff to sue itself. Accordingly, Defendants' claims must be dismissed with prejudice.

## II.  IN ORDER FOR THE COUNTERCLAIM TO PROCEED, MS. JOHNSON OR HER ASSIGNEE MUST AGREE TO JOIN WINK AS A COUNTER-PLAINTIFF.

"[E]ach co-inventor presumptively owns a pro rata undivided interest in the entire patent, no matter what their respective contributions." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir. 1998) (footnote omitted). As Ms. Johnson is at least a co-inventor, by operation of law, Ms. Johnson is an owner of the patents-in-suit. Ms. Johnson has now transferred her ownership rights to Chico's. (Exhibit "A." "Johnson Assignment")  In addition, Ms. Johnson agreed she would not join in any suit against Chico's. (*Id.*)

Ms. Johnson assigned "all rights, title, and interest Johnson ever had, has, or may subsequently acquire in U.S. Patent Nos. D622,478, 8,506,347, 8,182,310…," and transferred all causes of action and claims for damages to Chico's. (Ex. A at 1.) The Johnson Assignment also includes a release from Ms. Johnson in favor of Chico's for all claims and causes of action, including claims for patent infringement.  Finally, the

2

Johnson Assignment includes a "covenant[ ] not to sue, bring suit, or participate as a plaintiff in any lawsuit against Chico's" as a result of alleged infringement of the patents-in-suit. (Ex. A at 2-3.)

The Federal Circuit has repeatedly recognized that "as a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit" and that "'one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit.'" *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998); *see also Isr. Bio-Engineering Project v. Amgen Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007) (each co-owner of a patent "'has the right to limit the other co-owner's ability to sue infringers by refusing to join voluntarily in [a] patent infringement suit'"). Because one co-owner can unilaterally decide not to sue, "patent co-owners are 'at the mercy of each other.'"[1] *Ethicon*, 135 F.3d at 1468. The Federal Circuit reaffirmed this principle in *DDB Technologies, L.L.C. v. MLB Advanced Media*, 517 F.3d 1284 (Fed. Cir. 2008), holding that, in general, "Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner." *Id.* at 1289 n.2. By assigning all of her rights in the patents-in-suit to Chico's and agreeing not to participate in the lawsuit, Ms. Johnson cannot and will not join Defendants as a counter plaintiff. Without a willing co-owner, Defendants have no standing to assert claims of infringement.

---

[1] The Federal Circuit has recognized only two narrow situations in which an owner may be forced to join a suit involuntarily. *Ethicon*, 135 F.3d at 1468 n.9. First, an owner can be forced to join when it has granted the plaintiff an exclusive license. *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 469 (1926). Second, an owner can be forced to join a suit if the owner has contractually waived its right to refuse to join suit. *Willingham v. Lawton*, 555 F.2d 1340, 1344–45 (6th Cir. 1977). Neither of these situations are present in the current litigation.

This nearly identical situation was addressed by the Federal Circuit, confirming that dismissal is required. In *Ethicon, Inc. v. United States Surgical Corp.,* 135 F.3d 1456, 1468 (Fed. Cir. 1998), the district court determined that a co-inventor had been omitted from the patent under U.S.C. § 256. The omitted co-inventor then granted a license to the defendant in the ongoing patent infringement litigation. *Id*. at 1459. With license in hand, the defendant moved for the case to be dismissed, as the omitted co-inventor/co-owner would not join in a suit against his licensee. *Id*. The District Court found -- and the Federal Circuit affirmed -- that because the plaintiff could not join the co-inventor, the case must be dismissed. *Id.* at 1467.

In this case, Ms. Johnson has not only assigned her rights and interests, including interests in any cause of action or claim for damages to Chico's, but has also agreed to not to participate in these proceedings, if there were any doubt about the effect of the assignment. Ms. Johnson would not be the proper party in interest as she is no longer an owner. Chico's will not (and cannot) agree to sue itself. Moreover, if the assignment is somehow disregarded, Ms. Johnson has agreed not to sue Chico's in relation to the patents-in-suit, precluding her from being a plaintiff in this action. (Ex. A, p. 2.) As in *Ethicon*, Ms. Johnson cannot participate or be joined in any lawsuit against Chico's relating to the patents-in-suit, and therefore the case must be dismissed. *See Ethicon*, 135 F.3d at 1467.

### III. DEFENDANTS RECOGNIZE THAT THE CASE MUST BE DISMISSED IF MS. JOHNSON OR HER ASSIGNEE WILL NOT JOIN IN THE COUNTERCLAIM.

Upon the Court's ruling, Chico's was not alone in concluding that any further action in this case turns on Ms. Johnson's decision whether to join in this lawsuit. Not

only did Chico's contact her, but Defendants did as well. Mr. Hare, counsel of record in this case, apparently found the *Ethicon* case and determined Ms. Johnson's participation was essential. Mr. Hare, acting as Defendants' agent, contacted Ms. Johnson and offered her over $16,000 to transfer her rights to Defendants. (Exhibit B, Declaration of Johnson, p. 1.) Defendants, admitting matters against their interest, told Ms. Johnson that she *needed* to be part of this lawsuit for Defendants to proceed. (*Id.*) Ms. Johnson has chosen *not* to participate. As both Plaintiff and Defendants acknowledge, the counterclaim cannot proceed without her participation.

### IV. BEVERLY JOHNSON NEVER TRANSFERRED OR ASSIGNED HER RIGHTS TO THE PATENTS-IN-SUIT PRIOR TO ASSIGNING THEM TO CHICO'S

Contrary to Defendants' admissions to Ms. Johnson, Defendants have at one time argued that Defendants somehow own Ms. Johnson's rights to the invention, due to a Non-Disclosure/Non-Compete Agreement between Ms. Johnson and Clair. (Doc. 91, p. 8.) A plain reading of the non-compete agreement shows that Ms. Johnson agreed only that she would not "acquire an interest in…any item or product," but nothing in the agreement suggests she transferred her rights to patent ownership. (Doc. 91-6.) The language relied on by Defendants, that Ms. Johnson shall not "acquire any interest…with any item or product," is irrelevant to the issue of ownership of patent rights, as an inventor cannot agree not to be an inventor. Conception, by operation of law, conveys an interest in the invention to the inventor. *See Ethicon*, 135 F.3d at 1465. Patent rights do not allow one to make a product, but instead only allow an owner to exclude others from making a product; the language "acquiring and interest in a product" has nothing to do

with patent rights but instead relates to competition in the market. Until the inventor clearly assigns his or her ownership rights, they remain with the inventor.

The Federal Circuit has addressed what it takes to establish an assignment of patent rights. Often the most important consideration is whether the agreement gave away the right to bring suit. *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1361 (Fed. Cir. 2010); *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1320-21 (Fed. Cir. 2009); *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 979-80 (Fed. Cir. 2005); *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1132 (Fed. Cir. 1995). Here, nothing in the non-compete agreement signed by Ms. Johnson transferred the right to sue to third parties. Additionally, while the obvious goal of the agreement was to prevent Ms. Johnson from disclosing[2] or competitively using the patterns created by Ms. Johnson (but ultimately never paid for by Clair), the agreement did not preclude Ms. Johnson from bringing suit or granting rights under any patent. *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1193–94 (Fed. Cir. 2007).

## V. CONCLUSION

By virtue of the Johnson Assignment to Chico's, Defendants lack standing and have no ability to cure this fatal defect. Following the correction of inventorship, the Court should dismiss Defendants' claims for infringement and close this case.

---

[2] At this point the non-disclosure aspects of the agreement are moot, as the information is now in the public record.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the Chico's has conferred with counsel for the Defendants. Defendants currently oppose the relief sought in this Motion.

Respectfully submitted October 8, 2015.

>　*/s/Ryan T. Santurri*
> Ava K. Doppelt, Florida Bar No. 393738
> adoppelt@addmg.com
> Brian R. Gilchrist, Florida Bar No. 774065
> bgilchrist@addmg.com
> Ryan T. Santurri, Florida Bar No. 0015698
> rsanturri@addmg.com
> Allison R. Imber, Florida Bar No. 44233
> aimber@addmg.com
> ALLEN, DYER, DOPPELT,
> MILBRATH & GILCHRIST, P.A.
> 255 South Orange Avenue, Suite 1401
> Orlando, Florida 32801
> Telephone: (407) 841-2330
> Facsimile: (407) 841-2343
>
> *Counsel for Plaintiff, Chico's FAS, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2015, I electronically filed the following using the Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

Shyamie Dixit, Esq.
sdixit@dixitlaw.com
Robert L. Vessel, Esq.
rvessel@dixitlaw.com
Dixit Law Firm, P.A.
3030 N. Rocky Point Drive West
Suite 260
Tampa, FL 33607
Telephone: (813) 252-3999
Facsimile: (813) 252-3997

*Local Counsel for Defendants*

Christopher S. Casieri (Pro Hac Vice)
chris@miplaw.com
Mcneely, Hare & War, LLP
12 Roszel Road, Suite C104
Princeton, New Jersey 08540
Telephone: (609) 731-3668
Facsimile: (202) 478-1813

*Trial Counsel for Defendants*

Kevin J. McNeely (*Pro Hac Vice*)
kevin@miplaw.com
William D. Hare (*Pro Hac Vice*)
bill@miplaw.com
Steven M. War (*Pro Hac Vice*)
steve@miplaw.com
McNeely, Hare & War, LLP
5335 Wisconsin Ave., NW
Suite 440
Washington, D.C. 20015
Telephone: (202)274-0214
Facsimile: (202)478-1813

*Trial Counsel for Defendants*

/s/Ryan T. Santurri