**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

CHICO'S FAS, INC., a Florida
Corporation,

       Plaintiff/Counter-Defendant,

vs.

                              **Case No.: 2:13-cv-00792-SPC-DNF**

1654754 ONTARIO, INC. d/b/a WINK
INTIMATES, a Canadian corporation,   Hon. Sheri Polster Chappell
ANDREA CLAIR, a Canadian individual,
and ANASTASIOS KOSKINAS, a
Canadian individual,

       Defendants/Counter-Plaintiff.

_____/

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS

Defendants, 1654754 ONTARIO, INC. d/b/a WINK INTIMATES, ANDREA CLAIR, and

ANASTASIOS KOSKINAS, (collectively "Wink Intimates") respectfully request that this

Honorable Court exercise its discretion under Fed. R. Civ. P. § 54(d) and 28 U.S.C. § 1920 and

deny Plaintiff's Bill of Cost for the following reasons.

## I.    INTRODUCTION

Fed. R. Civ. P. 54(d) states that "[u]nless a federal statute, these rules, or a court order

provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

While Chico's filed a Bill of Costs, (Dkt. No. 141), Chico's is not the prevailing party, and even if

this Court decides that Chico's is effectively the prevailing party, this Court should not allow any

costs to Chico's.

II.     **ARGUMENT**

1.   **Chico's Is Not the Prevailing Party**

Chico's fails to cite, and Wink cannot find, any case supporting the premise or theory that, as a party who buys its way out of a litigation, it should be found to be the prevailing party.

"Federal Circuit law defines 'prevailing party' for the purposes of patent litigation." *Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010).   "To be a 'prevailing party,' [the Federal Circuit's] precedent requires that the party have received at least some relief on the merits.   That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that "directly benefits' the opposing party." *Id.* "Not every alteration in the legal relationship between the parties, however satisfies [the Federal Circuit's] prevailing party test.   Instead, the alteration must be (1) material and (2) 'modify [ ] the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* at 1368.   "That is not to say, of course, that the court must award a prevailing party costs.   Depending on the extent and nature of the prevailing party's victory, it may be proper for the trial court to award only low costs or no costs at all. . . . [E]ven if a party satisfies [the Federal Circuit's] prevailing party test, the trial court 'retains broad discretion as to how much to award, *if anything*." *Id.* n. 8.

In this matter Chico's sought three claims of relief, namely: (1) Declaratory Judgment of Non-Infringement of the Patents-in-Suit (Dkt. No. 61, at 6); (2) Declaratory Judgment of Invalidity of the Patents-in-Suit (*Id.* at 7); and (3) Declaratory Judgment of Unenforceability of the Patents-in-Suit (*Id.* at 8).   ***Chico's has not prevailed on any of these claims.***   On September 29, 2015, this Court dismissed Chico's inequitable conduct claim with prejudice. (Dkt. No. 129, at 5).   On December 3, 2015, this Court dismissed Chico's claims for non-infringement and invalidity.   (Dkt.

No. 140, at 2).  Moreover, Chico's admits that it "did not obtain a favorable declaratory judgment."

(Dkt. No. 142, at 5.)

In an effort to bolster its claim to be the prevailing party, Chico's states

Here, Defendants asserted that unless and until Chico's paid money, Chico's could not offer the accused products.  Because of the Court's rulings, Defendants' legal position has forever changed.  Chico's is free to offer its cami-bra without threats from Defendants, payments to Defendants, or concern of threats to its customers. Undoubtedly, Chico's has received relief that materially alters the legal relationship between the parties.

(Dkt. No. 142, at 6.)

Chico's does not specifically identify which of this Court's rulings it is referring to, but it logically appears that Chico's is referring to the Court's December 1, 2015 Order dismissing Defendant Wink's claims with prejudice.  (Dkt. No. 138.)  The Court's December 1st Order is a direct result of two factors.  First, on September 29, 2015, this Court entered an Order which included a finding that Ms. Beverly Johnson was an inventor of the patents-in-suit.  (Dkt. No. 128, p. 16.)  Second, on October 8, 2015, Chico's filed an *undated* Agreement to Assign Intellectual Property wherein, Ms. Beverly Johnson assigned all of her "rights, title and interest" in the asserted patents to Chico's in exchange for $15,000.00.  Based on Ms. Johnson's assignment of all of her rights in the asserted patents to Chico's, Chico's argued (and the Court agreed) that Wink no longer had standing to pursue its claims against Chico's.   In other words, Chico's paid money (*i.e.*, paid money to Ms. Johnson for her rights to the patents-in-suit) for the right to offer the accused products. This is exactly the relief Chico's admits Wink sought.  And this is quite obviously the scenario Chico's sought to avoid when it brought the suit to begin with.  Without this payment of money by Chico's, Wink would have purchased the rights of the patents-in-suit and Chico's still would not be "free to offer its cami-bra without threats from Defendants, payments to Defendants, or concern of threats to its customers."  Accordingly, Wink is the prevailing party. For purposes of Fed. R. Civ.

P. § 54(d) there can only be one prevailing party.  *Shum v. Intel Corp.*, 629 F.3d 1360, 1363 (Fed. Cir. 2010).  Accordingly, if any party is entitled to its costs, this Court should permit Wink to collect its costs from Chico's.

### 2.   Wink's Objections to the Costs Claimed by Chico's

Even if this Court finds that Chico's is the prevailing party (which it isn't), this Court should still not award fees to Chico's.  While Fed. R. Civ. P. 54(d) permits a prevailing party to collect its fees, the rule does not require a Court to award these fees. Moreover, "this rule does not confer upon district courts unfettered discretion to 'tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case.'  Rather, statutory authorization is a necessary condition for the shifting of costs." *Schambeau Properties, LP v. Waffle House, Inc.*, 2012 WL 253441, at *3 (S.D. Ala. Jan. 26, 2012) (internal citations omitted).  "The recovery under Rule 54(d) is however, limited to the specific costs allowed under 28 U.S.C. § 1920. These are known as recoverable statutory costs. Any expenses beyond recoverable statutory costs or the fees awarded to compensate for an attorney's time should be pursued under 42 U.S.C. § 2000e–5(k). Such expenses are known as non-statutory and are subsumed within the concept of a reasonable attorney's fees."  *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 2011 WL 4837270, at *1 (M.D. Fla. May 3, 2011).

> 28 U.S.C. § 1920 provides in part:
> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Embroidme.com, Inc. v. Travelers Property Cas. Co. of* America, 2014 WL 5325211 *2 (S.D.Fla. August 20, 2014).

Chico's costs are divided into six categories, namely: (1) Fees of the clerk (Dkt. Nos. 141; 141-1 at p. 1; and 141-2); (2) Fees for service of summons and subpoena (Dkt. Nos. 141; 141-1 at p. 1; and 141-3); (3) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case (Dkt. Nos. 141; 141-1 at p.1; and 141-4); (4) Fees and disbursements for printing (Dkt. Nos. 141; 141-1 at p.1; and 141-5); (5) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case (Dkt. Nos. 141; 141-1 at p.1; and 141-6); and (6) Other costs (Dkt. Nos. 141; 141-1 at pp. 1-2; and 141-7).  Wink objects to many of these costs as fully explained below.

## A. Fees of the Clerk

1. **Applicable Law –** Generally, 28 U.S.C. §1920 permits recovery of the filing fee to the prevailing party.

2. **Appropriate Recovery if Chico's is the Prevailing Party -** Chico's seeks recovery of $400.00 for fees of the clerk.  (Dkt. No. 141.)  However, in this case, each of Chico's claims/counts were dismissed with prejudice.  Even if this Court determines that Chico's is the prevailing party, the Court should deny Chico's request for fees of the clerk in full.

## B. Fees for Service of Summons and Subpoena

1. **Applicable Law -**

28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. Although § 1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1). The rate charged by the U.S. Marshal is $55.00 per hour for each item served. . .  The defendants requested fees should be limited to the rate charged by the U.S. Marshal.

M*uldowney v. MAC Acquisition, LLC*, 2010 WL 3385388, at *3 (S.D. Fla. July 30, 2010) (citations omitted).

Additionally, Section "1920(1) does not provide for the recovery of costs incurred as a result of rush service of subpoenas." *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 2010 WL 1223904, at *2 (M.D. Fla. Feb. 18, 2010). "The plaintiff requests reimbursement for the 'rush' delivery of subpoenas outside of South Florida. The plaintiff is not entitled to 'rush' fees for the service of subpoenas. The amount requested for the service of domestic subpoenas should be limited to $55.00 per subpoena, as this is the amount permitted for service by the United States Marshals Service. . ." *Jackson v. Grupo Indus. Hotelero, S.A.,* 2010 WL 750301, at *7 (S.D. Fla. Mar. 3, 2010).

2. **Appropriate Recovery if Chico's is the Prevailing Party** - Chico's seeks recovery of $2,583.00 in its Bill of Costs for fees for service of summons and subpoena.  (Dkt. No. 141; 141-1 at p.1; 141-3.)  These fees were for service of subpoenas on:

(a)  L Brands, Inc. for $122.00 (Dkt. No. 141-3, at p. 2.);

(b)  OSP Group, L.P. for $122.00 (*Id.*, at p. 3);

(c)  JODEE, Inc. for $57.00 (*Id.*, at p.4);

(d)  Wacoal America Inc. for $65.00 (*Id.*, at p. 4);

(e)  Amoena USA Corp. for $122.00 (*Id.,* at p. 6);

(f)  Brazabra Corp. for $275.00 (rush fee) (*Id.*, at p. 7);

(g)  HBI Branded Apparel Limited for $175.00 (*Id.*, at p. 8);

(h)  David A. Berner for $295.00 (rush fee) (*Id.*, at p. 9);

(i)  Wal-Mart for $175.00 (*Id.*, at p. 10);

(j)  Glamorise Foundations, Inc. for $305.00 (rush fee) (*Id.*, at p. 11); and

(k) Carol Wior for $870.00 (rush fee) (*Id.*, at p. 12).

Chico's has failed to show how any of these subpoenas are related to the case or that these subpoenas were not just for gathering information. If the subpoenas were just for gathering information these costs are not recoverable. Chico's, in its motion for fees (Dkt. No. 142, at p.7) argued that the Natori prior art produced August 1 was allegedly so strong that Wink should have dropped its infringement claims. Yet, Chico's obviously continued to run up the costs in its search for more and more less relevant or cumulative prior art. Accordingly, Chico's should not recover its costs for any of these subpoenas. However, if this Court determines that Chico's should recover fees for its service of summons and subpoenas, Chico's recovery should be limited to $55.00 per subpoena for a total of $605.00 rather than the $2,583.00 Chico's seeks.

### C. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

1. **Applicable Law –** "Section 1920(2) authorizes the taxation of costs for the '[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.' Even though § 1920(2) does not specifically use the word 'deposition,' deposition transcript costs (like costs for other transcripts) are taxable only if the deposition was 'necessarily obtained' for use in the case. District courts have great latitude in determining whether a deposition was 'necessarily obtained' for use in the case." *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. Unit B June 1981) (internal citations omitted).

In order for the prevailing party to show that a deposition is necessarily obtained for use in a case, a breakdown of the nature of the deposition or its use or intended use at trial should be provided to allow the court to determine whether the copies in question were "reasonably necessary" for trial. "Simply making unsubstantiated claims that [documents or copies] were

necessary is insufficient to permit recovery.*" Johnson v. Mortham,* 173 F.R.D. 313, 319 (N.D. Fla. 1997).

"By statute, '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case' may be taxed as costs.  Deposition transcript fees are *not* recoverable if they were incurred 'for convenience, to aid in thorough preparation, or for purposes of investigation only.' *Schambeau Properties, LP v. Waffle House, Inc.,* 2012 WL 253441, at *4 (S.D. Ala. Jan. 26, 2012).  Even if the prevailing party demonstrates that the deposition was "necessarily obtained" for use in the case, there are other limits to the fees which the prevailing party may obtain.  "[C]osts for only one copy of each transcript will be awarded." *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 2010 WL 1223904, at *2 (M.D. Fla. Feb. 18, 2010).  "ASCII disks and condensed transcripts are surplus and are not covered as deposition fees under 28 U.S.C. § 1920(2)." *Jackson v. Grupo Indus. Hotelero, S.A.,* 2010 WL 750301, at *7 (S.D. Fla. Mar. 3, 2010).

Multiple courts in Florida have also "determined that '... fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920.'" *Muldowney v. MAC Acquisition, LLC*, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010).  Additionally, *"Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460, 464 (11th Cir.1996), requires that the prevailing party demonstrate the need for a video deposition.  It is within the court's discretion to tax the cost of videotaping and transcribing a deposition only when both are necessarily obtained for use in the case." *Muldowney v. MAC Acquisition, LLC*, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010).  "28 U.S.C. § 1920, permits fees for printed or electronically recorded transcripts necessarily obtained for use in the case, the statute does not discuss appearance fees of court reporters at depositions. Accordingly, the plaintiffs should not recover the costs for appearance fees of court reporters." *Dubon v. Delmas Meat and Fish*, 2010

WL 917402, at *3, (S.D. Fla. Mar. 11. 2010) *on* reconsideration, 2011 WL 1703179 (S.D. Fla. April 25, 2011).

   2. **Appropriate Recovery if Chico's is the Prevailing Party -** Chico's seeks recovery of $13,219.63 in its Bill of Costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  (Dkt. No. 141; 141-1 at p.1; 141-4.)  However, Chico's fails to describe how each of these deposition transcripts were necessarily obtained for use in the case.  Accordingly, the recovery Chico's seeks for many of these deposition transcripts should be denied.  Chico's Bill of Costs and the exhibits listed the following deposition fees:

  (a) Certified copy of Emily Suess' deposition transcript and exhibits for a total of $1,381.50 (Dkt. No. 141-4, at p. 2).  However, Chico's failed to show how Mrs. Suess's deposition was necessarily obtained for use in the case and Chico's should not be permitted to recover any of the costs of this deposition.

  (b) Certified copies of Cindy Tiranayake's, David May's and Donna Mine's deposition transcripts and exhibits for $894.00 (*Id.*, at pp. 3-4).  Chico's failed to show how any of these depositions were necessarily obtained for use in the case and Chico's should not be permitted to recover any of the costs of these deposition.

  (c) Appearance Fee ($513.00) for Andrea Clair's deposition, original and one copy of transcript ($551.78), Exhibits ($22.60), Video ($1,325.00), Condensed Transcript ($16.00) and additional appearance fee ($140.00) for the deposition of Anastasios Koskinas for a total of $2,568.38 (*Id.*, at p. 5).  While Chico's failed to show how the depositions of Ms. Clair and Mr. Koskinas were necessarily obtained for use in the case, each of these individuals was a named inventor on the three asserted patents.  However, the costs associated with appearance fees, videos, and the

condensed transcripts are not recoverable.  Accordingly, Chico's recovery for these two depositions should be limited to $275.89 (1/2 of the charge for the two copies of Mr. Koskinas' deposition) and the exhibits for Mr. Koskinas' deposition ($22.60) for a total of $298.49.

(d)      Attendance Fee ($500.00), transcript ($1,032.75), Rough Draft ASCII ($420.00) and delivery fee ($6.00) for Adam Falconer's February 25, 2015 deposition for a total of $1,958.75 (*Id.*, at p. 6).  While Chico's failed to show how the deposition of Mr. Falconer was necessarily obtained for use in the case, Mr. Falconer was Wink's damages expert.  However, the costs associated with appearance fees, rough draft ASCII and delivery are not recoverable.  It also appears that Chico's obtained two copies of Mr. Falconer's deposition transcript.  Accordingly, Chico's recovery for this deposition should be limited to $516.38 (1/2 of the charge for the two copies of Mr. Falconer's deposition).

(e)      Appearance Fee for Ben Clark $150.00 (*Id.*, at p. 7).  Chico's has failed to show how the appearance fee for Ben Clark was related to this matter or how it was necessarily obtained for use in the case.  Accordingly, this Court should deny Chico's request that this cost be recovered.

(f)      Video Services provided for Andrea Clair ($1,360.00) and Anastasios Koskinas ($800.00) for a total of $2,040.00 (*Id.*, at p. 8).  Chico's has failed to show how the video of these two individuals was necessarily obtained for use in this case and the Court should deny Chico's request that this cost be recovered.

(g)     Rough ASCII of Andrea Clair's deposition for a total of $615.00 (*Id.*, at p. 9).  Costs associated with rough ASCII drafts are not recoverable and the Court should deny Chico's request for these fees.

(h)     Original and one copy of transcript from 1/6/15 for Andrea Clair ($269.70) and exhibits ($23.45) and original and one for Andrea Clair ($1,035.30) for a total of $1,328.45 (*Id.*, at p. 10).  If the Court determines that Chico's is the prevailing party, the Court should permit Chico's to recover the cost of one copy of Ms. Clair's deposition $134.85 plus exhibits ($23.45) plus $517.65 for a total of $675.95.

(i)     Original and one copy of transcript from 1/7/15 for Andrea Clair ($205.45) and exhibits ($38.10); appearance fee ($423.00) and original and one for Andrea Clair ($1,215.09) and video ($822.50) for a total of $2,704.14 (*Id.*, at p. 11).  If the Court determines that Chico's is the prevailing party, the Court should permit Chico's to recover the cost of one copy of Ms. Clair's deposition $102.73 plus exhibits ($38.10) plus $607.55 for a total of $748.38.

(j)     Video of Andrea Clair's 1/7/15 deposition for $442.00 (*Id.*, at p. 12).  Chico's has failed to show how the video was necessarily obtained for use in this case and the Court should deny Chico's request that this cost be recovered.

(k)     Original and one copy of transcript from 1/22/15 deposition of Beverly Johnson ($1,134.00); exhibits ($108.95), Video ($880.00) and appearance fee ($249.00) for a total of $2,371.95 (Id., at p. 13).  If the Court determines that Chico's is the prevailing party, the Court should permit Chico's to recover the cost of one copy of Ms. Johnson's deposition $567.00 plus exhibits ($108.95) for a total of $675.95.

(l)     Rough ASCII for Beverly Johnson's deposition $515.00 (*Id.*, at p. 14).   Rough ASCII are not a reimbursable cost so this Court should deny Chico's request that this invoice be recovered.

(m)    Certified copy of Justin Lewis' deposition $1,144.50, delivery fee ($21.00) and exhibits ($104.50) for a total of $1,270.00 (*Id.*, at p. 15).   Chico's has failed to describe how the deposition of their own expert was necessarily obtained for use in this case and this Court should deny Chico's request that this cost be recovered.

(n)     Video of Beverly Johnson ($476.00) and shipping ($25.00) for a total of $501.00 (*Id.*, at p. 16).   Chico's has failed to show how the video was necessarily obtained for use in this case and the Court should deny Chico's request that this cost be recovered.

(o)     Original and one copy of Karin Yngvestdotter's deposition ($949.50), exhibits ($186.00) appearance fee ($132.00) and summary ($105.00) for a total of $1,372.50 (*Id.*, at p. 17).   If this Court determines that Chico's is the prevailing party, the Court should permit Chico's to recover the cost of one cope of Ms. Yngvestdotter's deposition transcript $474.75 plus exhibits ($186.00) for a total of $660.75.

(p)     Copy of transcript for Joyce Baran's deposition $1,008.00 plus exhibits ($807.00) for a total of $1,815.00 (*Id.*, at p. 18).   Chico's has failed to show how the deposition of Joyce Baran was necessarily obtained for use in this case and the Court should deny Chico's efforts to recover these costs.

(q)     Handling fee ($30.00), Transcript (original plus 1) ($714.00), next day expedite ($714.00) exhibits ($0.50) for Mr. Falconer's July 9, 2015 deposition for a total of $1,458.50 (*Id.*, at p. 19).   If this Court determines that Chico's is the prevailing party,

the Court should permit Chico's to recover the cost of one copy of the deposition $357.00 and exhibits ($0.50) for a total of $357.50.  Next day expedite fees and handling fees are not recoverable.

Accordingly, if this Court determines that Chico's is the prevailing party, the Court should permit Chico's to recover $3,257.45 rather than the $13,219.63 Chico's seeks.

### D. Fees and Disbursements for Printing

1. **Applicable Law –** In order for Chico's to recover its printing fees, it must provide a breakdown of the nature of the copies and their intended use.  "Simply making unsubstantiated claims that [documents or copies] were necessary is insufficient to permit recovery." *Johnson v. Mortham,* 173 F.R.D. 313, 319 (N.D. Fla. 1997)

2. **Appropriate Recovery if Chico's is the Prevailing Party -** Chico's seeks recovery of $2,694.60 in its Bill of Costs for fees and disbursements for printing.  (Dkt. No. 141; 141-1 at p.1; 141-5.)  These fees were for:

(a)     FedEx Office printing on 5/28/2014 for color copies for $15.36 (Dkt. 141-5, at p. 2.);

(b)     Professional Litigation Support receipt from 7/29/14 for scanning 108 pages of color documents ($97.20), creating a master disk ($25.00) and a copy of the disk ($15.00) for a total of $137.20 (*Id.*, at p. 3.);

(c)     Professional Litigation Support receipt from 2/10/15 for processing electronically stored information into images ($360.00), technical labor ($125.00) creating a master DVD ($35.00) and a copy of the disk ($35.00) for a total of $545.00 (*Id.*, at p. 4.);

(d)     Professional Litigation Support receipt from 3/5/15 for technical labor importing 4
        video depositions ($1,250.00); creating a master DVD ($60.00) and two duplicates
        ($70.00) for a total of $1,380.00. (*Id.*, at p. 5.)

In light of Chico's failure to provide a breakdown of these costs and their use, this Court should deny Chico's attempts to recover these costs.  Moreover, Chico's attempts to recover costs associated with scanning documents, processing electronic stored information, creating disks and technical labor should each be denied for not being within the costs permitted by § 1920.

### E.  Fees for Exemplification and the Costs of Making Copies of any Materials Where the Copies are Necessarily Obtained for Use in the Case

1.  **Applicable Law -** "[L]ike with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *Breedlove v. Hartford Life & Acc. Ins. Co.*, 2012 WL 7070200, at *3 (M.D. Fla. Dec. 28, 2012).  "[W]ith copying costs, the prevailing party bears the burden of proving that the copies were necessary because they are generally costs "within the exclusive knowledge" of the prevailing party.  . . . However, '[g]eneral copying, computerized legal research, postage, courthouse parking fees and expert witness fees [that exceed the limits of 28 U.S.C. § 1821] are clearly nonrecoverable' pursuant to § 1920." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 2007 WL 842771, at *7 (M.D. Fla. Mar. 20, 2007).  "The prevailing party must sufficiently itemize these costs so that the court may evaluate their necessity.  Specifically, "an item-by-item description is not required, [but] some information of the types or categories of documents copied and the reason for the copies must be furnished." *Muldowney v. MAC Acquisition, LLC,* 2010 WL 3385388, at *6 (S.D. Fla. July 30, 2010).

2.  **Appropriate Recovery if Chico's is the Prevailing Party -** Chico's seeks recovery of $1,007.25 in its Bill of Costs for fees for exemplification and the costs of making copies of any

14

materials where the copies are necessarily obtained for use in the case.  (Dkt. No. 141; 141-1 at p.1; 141-6.)  These fees were for:

    (a)    MicroPatent – Thomson File Histories for certified copies of D622478 ($55.00), 8182310 ($55.00), 8506347 ($55.00) and shipping ($14.50) for a total of $179.50 (Dkt. No. 141-6, at p. 2);

    (b)    MicroPatent – Thomson File Histories for certified file histories for D622478 ($270.00), 8182310 ($270.00), 8506347 ($270.00) and shipping ($17.75) for a total of $827.75. (*Id.*, at p. 3).

If the Court determines that Chico's is the prevailing party, the Court should permit Chico's to recover the $1,007.25 it seeks for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

### F.  Other Costs

    1.  **Applicable Law -**   Many of the costs claimed by Chico's in the Other Costs categories are simply not permitted or not adequately supported.  The cost of legal research is not taxable under § 1920. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 2007 WL 842771, at *10 (M.D. Fla. Mar. 20, 2007).  "The law is very clear in this Circuit that the cost of online research is not included within the ambit of 28 U.S.C. § 1920 and is not recoverable." *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 5325211, at *9 (S.D. Fla. Aug. 20, 2014).  Travel expenses for witnesses must be supported by "receipt of other evidence of actual cost shall be furnished." *Johnson v. Mortham*, 173 F.R.D. 313, 319 (N.D. Fla. 1997).  When travel costs are for an attorney's out-of-pocket travel expenses, these expenses must include supporting documentation. *Id.*  Express delivery costs are not taxable under 28 U.S.C. § 1920. *See Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 439 (D.Mo.1984) (Federal Express and local delivery

service charges are not taxable costs under § 1920), *aff'd,* 780 F.2d 20 (8th Cir.1985). "Even if express delivery charges were taxable, [the] failure to include supporting documentation would likewise prevent recovery.*" Johnson v. Mortham*, 173 F.R.D. 313, 319-20 (N.D. Fla. 1997)

      2. **Appropriate Recovery if Chico's is the Prevailing Party -** Chico's seeks recovery of $6,244.17 in its Bill of Costs for other costs. (Dkt. No. 141; 141-1 at p.1; 141-7.) However, this amount does not agree with the amount included in Chico's Other Costs value in its summary of costs ($4,734.41 Dkt. No. 141-1, at pp. 1-2). Moreover, it appears that Chico's summary (Dkt. No. 141-1) includes the $167.76 charge from Miltons IP twice – once on the bottom of page 1 and once on the top of page 2 of Dkt. No. 141-1.

      The Other Costs Fees Chico's seeks to collect include:

(a)    LexisNexis legal research fees of $633.48. (Dkt. No. 141-1, at p. 1.) These fees are simply not recoverable. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 2007 WL 842771, at *10 (M.D. Fla. Mar. 20, 2007); *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 5325211, at *9 (S.D. Fla. Aug. 20, 2014).

(b)    Miltons IP – business Entity Search of $167.76. (Dkt. No. 141-1, at p. 1; Dkt. No. 141-7, at pp. 2-4.) Chico's provides no support that this fee is encompassed in § 1920.

(c)    Roundtrip flight from Buffalo NY to Orlando FL for Beverly Johnson for flights on January 21, 2015 and January 23, 2015 for $244.98. (*Id.*, at p. 5.) This fee would be recoverable if Chico's is the prevailing party in this case.

(d)    Roundtrip flight from Niagara Region to Buffalo Airport for Beverly Johnson for flights on January 21, 2015 and January 23, 2015 for $117.29. (*Id.*, at pp. 6-8.) This fee would be recoverable if Chico's is the prevailing party in this case.

(e) Meal on January 22, 2015 for Beverly Johnson for $22.00 (*Id.*, at p. 9.) and a handwritten note "taxi $70" on the same piece of paper.  Chico's fails to provide a receipt for the alleged taxi ride so this fee is not recoverable.  If this Court determines Chico's is the prevailing party, Chico's should recover the $22.00.

(f) Undated expense report for Ryan Santurri for $316.98 for depositions of Wink, Clair and Koskinas. (*Id.*, at p. 10.)  Chico's has failed to provide any supporting documentation so these alleged costs are not recoverable. *Johnson v. Mortham*, 173 F.R.D. 313, 319 (N.D. Fla. 1997).

(g) January 21 – 23, 2015 expense report for Ryan Santurri for deposition of Beverly Johnson for $371.22. (*Id.*, at p. 11.)  Chico's has failed to provide any supporting documentation so these alleged costs are not recoverable. *Johnson v. Mortham*, 173 F.R.D. 313, 319 (N.D. Fla. 1997).

(h) Reservation for Beverly Visaarsenault to stay at the Crowne Plaza Orlando hotel. (*Id.*, at pp. 12-14.)  Chico's has failed to provide any supporting documentation so these alleged costs are not recoverable. *Johnson v. Mortham*, 173 F.R.D. 313, 319 (N.D. Fla. 1997).

(i) Uber receipt for $144.06 for Ryan Santurri for February 13, 2015 (*Id.*, at p. 15). Chico's has failed to provide any explanation regarding this cost so this alleged cost is not recoverable. *Johnson v. Mortham*, 173 F.R.D. 313, 319 (N.D. Fla. 1997).

(j) Various receipts from New York for February 12, 2015 Simit and Smith ($6.52); Bryant Mark ($11.70); Arno Ristorante ($104.00); 38 Street Diner ($38.00) for a total of $160.22. (*Id.*, at pp. 16-17.)  Chico's has failed to provide

any explanation regarding these costs so these alleged costs are not recoverable. *Johnson v. Mortham*, 173 F.R.D. 313, 319 (N.D. Fla. 1997).

(k) Airfare for Ryan Santurri for $697.60. (*Id.*, at pp. 18-19.) Chico's has failed to provide any explanation regarding these costs so these alleged costs are not recoverable.

(l) Various receipts from Orlando, FL for February 25, 2015 Don Jefe's ($29.98); Spice Burger ($22.00); Kres Restaurant ($47.41) for a total of $99.39. (*Id.*, at p. 20.) Chico's has failed to provide any explanation regarding these costs so these alleged costs are not recoverable.

(m) A page of a credit card statement from February 19, 2015 from Archer New York – lodging $55.89. (*Id.*, at p. 21.) Chico's has failed to provide any explanation regarding this cost so it is not recoverable.

(n) Various receipts from Washington, D.C. for May 3-4, 2015 Panera Bread ($7.35); The Burger Joint ($14.91); Lincoln Restaurant ($50.90); Orlando Fast Park ($42.50); Hitch ($20.39) for a total of $136.05. (Id., at pp. 22-23.) Chico's has failed to provide any explanation regarding these costs so these alleged costs are not recoverable.

(o) Credit card statement showing July 2, 2015 Jet Blue flight from Orlando to Washington for Brian Gilchrist for $382.50. (Id., at p. 24.) Chico's has failed to provide any explanation regarding this cost so it is not recoverable.

(p) Loews Madison Hotel receipt for Brian Gilchrist in Washington D.C. for July 8, 2015 for $373.52. (Id., at p. 25.) Chico's has failed to provide any explanation regarding this cost so it is not recoverable.

(q) Credit card statement for Brian Gilchrist for meal on July 10, 2015 at Legal Sea Foods at Reagan National for $30.47. (*Id.*, at p. 26.) Chico's has failed to provide any explanation regarding this cost so it is not recoverable.

(r) E-mail show fees associated with Jodee, Inc. Subpoena – copy service ($14.49) and 2nd day air fee (15.33) for a total of $29.82. (*Id.*, at p. 27.) Chico's has failed to provide any explanation regarding this cost so it is not recoverable.

(s) Receipt from Brazabra Corporation for a seamless sexy silhouette ($6.95) and shipping $4.95) for a total of $11.90. (*Id.*, at p. 28.) Chico's has failed to provide any explanation regarding this cost so it is not recoverable.

(t) Express Mail/Delivery Services of $498.24 (Dkt. No. 141-1, at p. 2). These costs are not recoverable. *See Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 439 (D.Mo.1984) (Federal Express and local delivery service charges are not taxable costs under § 1920), *aff'd,* 780 F.2d 20 (8th Cir.1985).

Finally, there are many discrepancies between Chico's summary (Dkt. No. 141-1) and the meager receipts Chico's provided in a failing attempt to support these other costs. (Dkt. No. 141-7.) Accordingly, if this Court determines that Chico's is the prevailing party, Chico's should only recover $384.27 of its other costs.

## III.     CONCLUSION

As fully explained above, Chico's is not the prevailing party and, therefore, it should not be allowed costs.  Alternatively, if this Court decides that Chico's is effectively the prevailing party, the maximum Chico's should be permitted to recover is $5,253.97.

Respectfully submitted,

/s/ *Steven War*
STEVEN WAR (*pro hac vice*)
KEVIN MCNEELY (*pro hac vice*)
MCNEELY, HARE & WAR LLP
5335 Wisconsin Ave, NW Suite 440
Washington, D.C. 20015
Telephone: (202) 274-0214
Facsimile: (202) 478-1813
steve@miplaw.com
kevin@miplaw.com

AND

CHRISTOPHER S. CASIERI (*pro hac vice*)
MCNEELY, HARE & WAR LLP
12 Roszel Road, Suite C104
Princeton, New Jersey 08540
Telephone: (609) 731-3668
Facsimile: (202) 478-1813
chris@miplaw.com

AND

Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No.: 719684
Robert L. Vessel, Esq. (rvessel@dixitlaw.com)
DIXIT LAW FIRM, P.A.
3030 N. Rocky Point Drive West, Suite 260
Tampa, FL 33607
Telephone: (813) 252-3999
Facsimile: (813) 252-3997
Attorneys for Defendants

*Attorneys for Defendants* 1654754 ONTARIO,
INC. d/b/a WINK INTIMATES, ANDREA CLAIR
AND ANASTASIOS KOSKINAS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the December 31, 2015, I filed the foregoing with the Clerk of the Court by utilizing the Court's CM/ECF system which will send a Notice of Electronic Filing to each attorney of record in the above matter.

/s/ Shyamie Dixit
Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No.: 719684