UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHICO'S FAS, INC., a Florida
corporation

       Plaintiff,

v.                                        Case No:  2:13-cv-792-FtM-38MRM

ANDREA CLAIR, ANASTASIOS
KOSKINAS and 1654754 ONTARIO, INC.,

       Defendants.
_____/

## OPINION AND ORDER[1]

      Pending before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation. (Doc. 166). Judge McCoy recommends (1) denying Plaintiff Chico's FAS, Inc.'s Renewed Motion and Memorandum to Find this Case Exceptional and Award Chico's Reasonable Attorneys' Fees; but (2) granting in part Chico's request for costs against Defendants Andrea Clair, Anastasios Koskinas, and 1654754 Ontario, Inc. (*Id.*). Chico's objects only to Judge McCoy's recommendation to deny it attorneys' fees. (Doc. 167). Defendants have not responded to Chico's objection, and the time to do so has expired. For the following reasons, the Court overrules Chico's objection and adopts the Report and Recommendation.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

Chico's request for attorneys' fees is the final chapter in this patent infringement suit. More than four years ago, Chico's asked this Court to declare that it had not infringed on Defendants' design and utility patents[2] for a camisole bra and that the patents were invalid. (Doc. 1; Doc. 4; Doc. 28). A year later, Chico's added a claim for inequitable conduct after it discovered that Clair and Koskinas supposedly did not alone invent the patented bra. (Doc. 59). The three-count Third Amended Complaint became the operative pleading. (Doc. 61).

Both parties moved for summary judgment, which the Court granted in part. For Defendants, the Court found that Chico's had not produced evidence to render the patents unenforceable based on Clair's and Koskinas' alleged inequitable conduct. (Doc. 129). For Chico's, the Court invalidated the utility patents based on a prior art – *i.e.*, another camisole bra – that existed in the market before Clair and Koskinas applied for the patents. (Doc. 128). It also found Beverly Johnson, a third-party seamstress, to be an inventor of the patented bra. (*Id.*). This finding was important because the patents did not name Johnson as an inventor and misnamed Koskinas as one.

Almost immediately after the Court issued its decisions on summary judgment, Johnson assigned Chico's her rights to the patents. Because federal patent law does not allow a patent owner to sue a co-owner for infringement (absent consent), the Court dismissed Defendants' infringement counterclaims. (Doc. 138). The Court also dismissed Chico's other claims for the same reason. (Doc. 140).

---

[2] The design patent is U.S. Patent No. D622,478, and the utility patents are U.S. Patent No. 8,506 and U.S. Patent No. 8,182,310. (Doc. 61-2; Doc. 61-3; Doc. 61-4).

Defendants appealed to the United States Court of Appeals for the Federal Circuit but lost. *Chico's Fas, Inc. v. Clair*, 676 F. App'x 1006, 1007 (Fed. Cir. 2017). The Federal Circuit affirmed that Johnson was an inventor of the patents and that Koskinas was not. It also concluded that Johnson did not abandon her ownership rights in the patents and that Chico's acquired them. Consequently, the Federal Circuit remanded the case to this Court to correct investorship, which it did (Doc. 162). That Order ended the merit side of this case.

All that remains now is Chico's request for attorneys' fees and costs. It seeks $454,440.40 in attorneys' fees under 35 U.S.C. § 285 (Doc. 157) and $26,148.65 in taxable costs (Doc. 158). Defendants, unsurprisingly, oppose the half-million dollar request for fees and costs. (Doc. 164). The Undersigned referred the matter to Magistrate Judge McCoy, who recommends denying attorneys' fees because this case is not "exceptional" under § 285. (Doc. 166). A dissatisfied Chico's objects to that recommendation.

## STANDARD OF REVIEW

The district court may accept, reject, or modify, in whole or in part, the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). It reviews *de novo* any portion of a magistrate judge's report and recommendation to which a party has properly objected. *Id.* But "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72's advisory committee's note (1983) (citations omitted).

## DISCUSSION

Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent litigation. It provides that "[t]he court in exceptional cases may award reasonable fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) is the seminal case on the statute. It said that § 285 "imposes one and only one constraint on district court's discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." *Id.* at 1755-56. It explained,

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. . . . [And] [t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified.

*Id.* at 1756 (internal quotations, citations, and footnotes omitted). The party moving for an award of attorney's fees must show by a preponderance of the evidence that the case is exceptional. *NXP B.V. v. Blackberry, Ltd.*, 58 F. Supp. 3d 1313, 1317 (M.D. Fla. 2014).

Chico's argues this case is exceptional because Defendants had no substantive strength in their litigating position. Its argument is twofold, neither of which is convincing. Chico's first maintains that Defendants pursued their infringement claims despite knowing they omitted the bra's true inventor, Johnson, from the patents and instead named Koskinas. In so arguing, it highlights Clair's deposition testimony in which she could not explain the "unique 'turn under' sewing technique" described in the patents and admitted that Johnson came up with the idea. (Doc. 167 at 6 (citing Doc. 69-2 at 112:19-113:12).

4

But Chico's paints an incomplete picture. It overlooks that Johnson did not believed she invented the patented bra and discouraged Clair from applying a patent because the garment was "nothing unusual." (Doc. 69-3 at 98:1-19, 102:14-21, 122:13-24). Johnson also testified that she never told Clair to list her as an inventor on the patent. (Doc. 69-3 at 171:7-23). Although the Court eventually determined Johnson to be an inventor (along with Clair), it does not find that Defendants' position on inventorship lacked such substantive strength as to make this case stand out and be exceptional.

Chico's second argument on a prior art invalidating the utility patents fares no better. Ten months into this case, Chico's allegedly told Defendants about the Natori Contour camisole bra being sold before Johnson designed the bra here. This "clearly invalidating" prior art, according to Chico's, did not dissuade Defendants from continuing to make their infringement claims "to extract millions [of dollars] from Chico's." (Doc. 157). The company also faults Defendants for not offering any evidence to refute the Natori Contour bra did not invalidate their bra. By continuing to pursing a claim on an invalid patent, Chico's argues Defendants' conduct establishes an exceptional case.

Chico's misses the mark. Using the benefit of hindsight, Chico's sweeps past the Natori Contour bra entering the market very shortly before Clair and Koskinas applied for the patent – maybe as little as four days before. It is also not lost on the Court that the United States Patent and Trade Office issued the patents to Defendants. The Court thus is hard-pressed to fault Defendants for defending what they presumed to be enforceable patents. *See SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (stating the focus of the exceptional case determination "is the 'substantive *strength* of the party's litigating position' . . ., not the *correctness* or eventual success of that position"

(emphasis in original)); *Clouding IP, LLC v. EMC Corp.*, No. 13-1355-LPS, 2015 WL 5766872, at *2 (D. Del. Sept. 30, 2015) (stating a case is not exceptional merely because a party has a good faith belief that there is standing to sue but is ultimately incorrect). In short, the totality of the circumstances does not persuade this Court to exercise its discretion to find this case to be exceptional simply because Defendants defended this suit against Chico's.

A few points follow on Chico's objection to the Report and Recommendation. Chico's claims that Judge McCoy improperly relied on vacated orders in finding this case not to be exceptional. This argument is misleading. By referencing the Court's prior (and now vacated) order on summary judgment that initially denied Chico's prior art arguments, Judge McCoy was merely illustrating that Defendants' position was not so exceptionally meritless or objectively baseless. Chico's also latches onto Judge McCoy's comment that the Court did not find Defendants' arguments on inventorship and prior art to be "frivolous." (Doc. 166 at 10-11). Chico's leaves off that Judge McCoy preceded "frivolous" with the word "meritless" in making the point that this Court found Defendants' arguments to be unpersuasive – not unreasonable or groundless. *See Sweepstakes Patent Co., LLC v. Chase Burns*, 6:14-CV-151-ORL-22KRS, 2016 WL 386060, at *2 (M.D. Fla. Feb. 2, 2016). The Court understands this has been a hard-fought case that demanded significant time, money, and resources. But that alone is not reason to declare this case "exceptional" under § 285.

In short, after considering the totality of the circumstances, Chico's has not demonstrated by a preponderance of the evidence that this case meets the exceptionality

threshold to warrant an award of attorneys' fees. Along with the analysis above, the Court adopts and confirms the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

(1) United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 166) is **ACCEPTED and ADOPTED**, and the findings incorporated herein.

(2) Plaintiff Chico's FAS, Inc.'s Renewed Motion and Memorandum to Find this Case Exceptional and Award Chico's Reasonable Attorneys' Fees (Doc. 157) is **DENIED**, but costs are **TAXED** against Defendants for **$16,297.75**.

(3) The Clerk of Court is **DIRECTED** to enter an amended judgment accordingly and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of February 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record